**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                   Case No. 14-CR-84

DARRY WORTHAM and
TIANA ARNOLD,

    Defendants.

**DECISION AND ORDER ON DEFENDANT'S PRETRIAL MOTION TO REQUIRE
IMMEDIATE DISCLOSURE OF CONFIDENTIAL INFORMANTS' IDENTITIES**

**BACKGROUND**

On April 1, 2014, a grand jury in the Eastern District of Wisconsin returned a two count indictment against the defendants, Darry Wortham ("Wortham") and Tiana Arnold ("Arnold"). In Count One, Wortham and Arnold are charged with conspiring to knowingly sponsor, exhibit, and handle animals in an animal fighting venture, in violation of 7 U.S.C. § 2156(a)(1). In Count Two, they are charged with knowingly selling, buying, possessing, training, and receiving animals for the purposes of having the animals participate in an animal fighting venture, in violation of 7 U.S.C. § 2156(b). The defendants have filed a motion[1] seeking the immediate disclosure of the government's confidential informants referenced in the discovery, which the defendants designate as CCW-A1, CCW-A22, CCW-A53, CCW-A8, CCW-A167, CCW-G96, and CCW-G165,[2] as well as any other

---

[1]     Wortham filed the original motion to require the immediate disclosure of the confidential informants' identities. (Docket # 40.) Thereafter, Arnold moved to adopt Wortham's motions. (Docket # 44.)

[2]     The defendants use the designations because the confidential informants are not identified by number as they usually are. Instead, all confidential informants are referred to as CCWs, short for Confidential Cooperating Witness. The defendants identified the

transactional witnesses to the offenses alleged in the indictment. The motion has been fully briefed and is now ready for resolution. For the reasons stated here, the motion to require immediate disclosure of confidential informants' identities is denied.

## DISCUSSION

It is well-established that as a general rule, the government enjoys a limited privilege of withholding the identity of an informant. *See Roviaro v. United States*, 353 U.S. 53, 59-60 (1957); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993). This privilege encourages citizens to perform their obligation to communicate their knowledge of the commission of crimes to law enforcement officials by preserving the informant's anonymity. *United States v. Jefferson*, 252 F.3d 937, 940 (7th Cir. 2001). The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994).

Although automatic, the government's privilege is not absolute. "Where the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Roviaro*, 353 U.S. at 60-61. The defendant bears the burden in the face of an assumption that the privilege should apply. *Valles*, 41 F.3d at 358. "The confidential informant privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Id.* (internal quotation and citation omitted).

Disclosure of a confidential informant's identity "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible

informants based on the page number of the respective memorandum where they are identified.

significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62. Factors to be considered are whether the informant is a transactional witness and whether the informant's testimony is relevant and could assist the defendant. *Bender*, 5 F.3d at 270. "Informants who played major roles in the criminal occurrences will of course offer more significant testimony than those whose participation was peripheral; a showing that a potential defense may depend on the informant's involvement also weighs in favor of disclosure." *Valles*, 41 F.3d at 358.

The nature of the confidential informant's role is an important factor to consider when determining whether that informant's identity should be disclosed. *United States v. Harris*, 531 F.3d 507, 515 (7th Cir. 2008). When a confidential informant is a "mere tipster," disclosure is not required. *Id.* A "tipster," is "someone whose only role was to provide the police with the relevant information that served as the foundation" for the investigation. *United States v. Wilburn*, 581 F.3d 618, 623 (7th Cir. 2009) (citing *Harris*, 531 F.3d at 515).

On the other hand, a "transactional witness" is one "who participated in the crime charged against a defendant or witnessed the event in question." *Id.* In *Roviaro*, the Court required disclosure of a confidential informant who was the sole participant, other than the defendant, in the transaction charged against the defendant. 353 U.S. at 64. The Court found the informant's testimony "highly relevant" because he "had helped to set up the criminal occurrence and had played a prominent part in it." *Id.*

Ultimately, to determine whether the government is required to disclose the identity of an informant, the court must balance the public interest in obtaining information necessary to apprehend those who have committed crimes against the defendant's interest in a fair trial. *United States v. Andrus,* 775 F.2d 825, 841 (7th Cir.1985).

In this case, Wortham and Arnold seek the immediate disclosure of the identities of the confidential informants referred to as: CCW-A1, CCW-A22, CCW-A53, CCW-A8, CCW-A167, CCW-G96, and CCW-G165, as well as any other transactional witnesses to the offenses alleged in the indictment. The defendants argue that the CIs are transactional witnesses because each of the CIs claim to have actually participated in or attended dog fights with Wortham or sold him dogs. (Docket # 40 at 5.) The motion notes that the last CI listed, CCW-G165, is an individual who is involved in dogfighting who knows the defendant but did not know of Wortham being involved in dog fighting. (*Id.* at 5-6.) Wortham and Arnold argue that delaying the disclosure of the CIs' identities hinders their ability prepare for trial and prevents them from making an informed decision about whether to accept a plea agreement. (*Id.* at 6-7.) Further, Wortham and Arnold argue that the government has no legitimate reason to withhold the identity of the informants.

The government agrees that the CIs whose identities Wortham and Arnold seek are transactional witnesses. However, the government responds it is withholding the identities of the confidential informants out of fear for their safety. (Docket # 50 at 3.) Additionally, the government submits that it will disclose the identities of the confidential informants 45 days before trial, as well as all *Brady* and *Giglio* information with respect to those witnesses. (*Id.* at 4.)

Although the government did not elaborate on its basis for fearing for the safety of the confidential informants, I find that protecting the safety of confidential informants is a legitimate reason for not immediately disclosing their identities. *See Bender*, 5 F.3d at 270; *see also United States v. Dorsey*, No. 06-CR-99, 2006 WL 2192040, *3 (E.D. Wis. Aug. 1, 2006). Additionally, in this District, disclosing the identities of confidential informants 30 days before trial is common practice. *See United States v. Bond*, No. 10-CR-117, 2010 WL 6749142 (E.D. Wis. Dec. 6, 2010); *United States*

*v. Mathis*, No. 09-CR-254, 2010 WL 1507881 (E.D. Wis. Apr. 14, 2010). Thus, I find that the disclosure of the confidential informants' identities 45 days prior to trial is sufficient time to allow Wortham and Arnold to adequately prepare for trial and exceeds the common practice of 30 days prior to trial, as noted above. Both defendants have already been provided with the informants' statements, save for their identities. In sum, Wortham and Arnold have failed to demonstrate that they possesses a genuine need for immediate informant disclosure that outweighs the public's interest in the safety of the informants. *See Bender*, 5 F.3d at 270. Accordingly, Wortham's and Arnold's motion shall be denied. The government shall disclose the identities of any confidential informant it intends to call in its case in chief at trial not less than 45 days prior to the commencement of trial.

**NOW, THEREFORE, IT IS ORDERED** that defendants Darry Wortham's and Tiana Arnold's motion to disclose identity of confidential informants (Docket # 40) is **DENIED**. The government shall disclose the identity of any confidential informant it intends to call as part of its case in chief not less than 45 days prior to trial.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Crim. P. 59(a) (as amended effective December 1, 2009) whereby written objections to this order or part thereof may be filed within fourteen days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 24th day of October, 2014.

                                          BY THE COURT

                                          *s/Nancy Joseph*
                                          NANCY JOSEPH
                                          United States Magistrate Judge